**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

OSCAR BANUELOS-ACOSTA,            )
                                  )
            Petitioner,            )
                                  )
      v.                          )      1:11CV953
                                  )
ALVIN W. KELLER,                  )
                                  )
            Respondent.            )

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner, a prisoner of the State of North Carolina, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket Entry 1.) Petitioner pled guilty in the Superior Court of Guilford County to trafficking in cocaine by transportation and trafficking in cocaine by possession in case 04 CRS 85620. (Docket Entry 5, Exs. 1, 2; see also Docket Entry 1, ¶¶ 1-6.) On February 13, 2006, the trial court consolidated the convictions and sentenced Petitioner to a mandatory term of 175 to 219 months of imprisonment. (Docket Entry 5, Ex. 2; see also Docket Entry 1, ¶ 3.)

Petitioner's trial counsel filed a written notice of appeal on February 21, 2006. (Docket Entry 5, Ex. 3; see also Docket Entry 1, ¶¶ 8, 9.) By order dated May 6, 2008, and filed May 7, 2008, the trial court dismissed Petitioner's notice of appeal on two grounds: (1) Petitioner had no right of appeal because he pled guilty and received a sentence in the presumptive range which complied with the terms of his plea arrangement; and (2) the notice of appeal was untimely. (Docket Entry 5, Ex. 4; see also Docket

Entry 1, ¶ 9.)  Petitioner apparently did not further pursue the trial court's order dismissing his notice of appeal. (See Docket Entry 1, ¶ 9.)

Petitioner then filed a pro se motion for appropriate relief ("MAR") with the state trial court (Docket Entry 5, Ex. 5; see also Docket Entry 1, ¶ 11(a)), which he had notarized on May 8, 2008 (see Docket Entry 5, Ex. 5 at 19),[1] and which the trial court accepted as filed on May 27, 2008 (see Docket Entry 5, Ex. 6 at 2 (indicating date filed)).[2] The trial court denied the MAR by order dated June 12, 2008, and filed June 19, 2008. (Id.)[3] So far as the record reflects, Petitioner did not seek review of the trial court's order denying his MAR.

Petitioner then submitted his first habeas petition in this Court (Banuelos-Acosta v. Keller, No. 1:11CV622, Docket Entry 1), which he dated as mailed on July 22, 2011 (id. at 14), and which the Court stamped as filed on August 5, 2011 (id. at 1).[4] The Court dismissed that petition without prejudice on August 15, 2011 due to various pleading deficiencies. (Banuelos-Acosta v. Keller, No. 1:11CV622, Docket Entry 2.) Thereafter, Petitioner submitted

---

[1] For attachments to Respondent's memorandum in support of his motion to dismiss lacking internal pagination, pin citations refer to the page number in the footer appended to said document by the CM/ECF system.

[2] The trial court's file-stamp is not legible. (See Docket Entry 5, Ex. 5 at 2.)

[3] Petitioner apparently takes the position that he did not receive and/or lacked knowledge of the trial court's order denying his MAR, given that the Petition asserts that his MAR remained pending. (See Docket Entry 1, ¶¶ 11, 12; see also Docket Entry 7 at 5.)

[4] For portions of petitions lacking paragraph numbers, pin citations refer to the page number in the footer appended to said document by the CM/ECF system.

a second habeas petition in this Court, which the Court stamped as filed on September 15, 2011. (Banuelos-Acosta v. Keller, No. 1:11CV736, Docket Entry 2).[5] On October 6, 2011, the Court again dismissed the petition without prejudice for pleading deficiencies. (Banuelos-Acosta v. Keller, No. 1:11CV726, Docket Entry 3.)

Petitioner then submitted the instant Petition in this Court (Docket Entry 1), which he dated as mailed on November 3, 2011 (id. at 14), and which this Court stamped as filed on November 4, 2011 (id. at 1). Respondent moved for summary judgment on both statute of limitation grounds and the merits. (Docket Entry 4.) Petitioner responded in opposition. (Docket Entry 7.)

## Petitioner's Claims

Petitioner raises several claims for relief in his Petition: (1) denial of his right to appeal due to ineffective assistance of counsel (see Docket Entry 1 at 5 (Ground 1)); (2) denial of the assistance of counsel at a forfeiture hearing (see id. at 7 (Ground 2)); and (3) ineffective assistance of counsel for failing to ensure that the State's calculation of his prior record level was correct (see id. at 8, 16 (Ground 3)).

## Discussion

Respondent moves for summary judgment primarily on the grounds that the Petition was filed[6] outside of the one-year limitation

---

[5] Petitioner failed to sign or date the Petition. (See Banuelos-Acosta v. Keller, No. 1:11CV736, Docket Entry 2 at 14.)

[6] "In [Houston v. Lack, 487 U.S. 266 (1988)], the Supreme Court held that a *pro se* prisoner's notice of appeal is filed on the date that it is submitted to prison officials for forwarding to the district court, rather than on the date (continued...)

-3-

period. 28 U.S.C. § 2244(d)(1). In order to assess Respondent's statute of limitation argument, the Court first must determine when Petitioner's one-year period to file his § 2254 Petition commenced. In this regard, the United States Court of Appeals for the Fourth Circuit has explained that:

> Under § 2244(d)(1)(A)-(D), the one-year limitation period <u>begins to run from</u> the latest of several potential starting dates:
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

[6](...continued)
that it is received by the clerk." <u>Morales-Rivera v. United States</u>, 184 F.3d 109, 110 (1st Cir. 1999). At least eight circuits "have applied th[is] prisoner mailbox rule to [establish the 'filing' date of] motions under 28 U.S.C. § 2254 or § 2255." <u>Id.</u> at 110-11 & n.3. In two published opinions issued since that consensus emerged, however, the United States Court of Appeals for the Fourth Circuit has declined to decide whether the prison mailbox rule applies in this context. See <u>Allen v. Mitchell</u>, 276 F.3d 183, 184 n.1 (4th Cir. 2001) ("Allen's petition was dated March 9, 2000, and it should arguably be treated as having been filed on that date; cf. <u>United States v. Torres</u>, 211 F.3d 836, 837 n.3 (4th Cir. 2000) (declining to decide whether prison mailbox rule applies to filing of federal collateral review applications in district court: "We take no position on that question here."); but see <u>Smith v. Woodard</u>, 57 F. App'x 167, 167 n.* (4th Cir. 2003) (implying that <u>Houston</u>'s rule governed filing date of § 2254 petition); <u>Ostrander v. Angelone</u>, 43 F. App'x 684, 684-85 (4th Cir. 2002) (same). Because the difference between the date Petitioner signed his Petition (i.e., the earliest date he could have given it to prison officials for mailing) and the date the Clerk received it would not affect disposition of the timeliness issue, the Court need not consider this matter further.

-4-

Case 1:11-cv-00953-WO-LPA   Document 8   Filed 03/29/13   Page 4 of 12

Green v. Johnson, 515 F.3d 290, 303-04 (4th Cir. 2008) (emphasis added).

The record does not reveal any basis for concluding that subparagraphs (B), (C), or (D) of § 2244(d)(1) apply in this case.[7] As a result, Petitioner's one-year limitation period commenced on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," 28 U.S.C. § 2244(d)(1)(A). The Court thus must ascertain when direct review (or the time for seeking direct review) of Petitioner's underlying conviction ended.

As Respondent acknowledged (see Docket Entry 5 at 3 n.1), a strong argument exists that Petitioner's conviction became final on February 13, 2006, because he pled guilty and received a mandatory sentence for his consolidated drug trafficking offense, see N.C. Gen. Stat. § 90-95(h)(3)(c) (2006). In North Carolina, defendants who plead guilty have very limited grounds on which they can appeal. See State v. Smith, 193 N.C. App. 739, 741-42, 668 S.E.2d

---

[7] Petitioner asserts that, "[o]n or about June 4, 2010, [he] learned from a lawyer in an unrelated case that a person or persons with names similar to [his] has/have lengthy criminal record(s) in Texas, and authorities in North Carolina have been corresponding with 'TCPD' and using those records against [him]. On information and belief, that is why [Petitioner] was sentenced at prior record level IV and sentenced to 175-219 months." (Docket Entry 1 at 16.) Liberally construing Petitioner's pro se pleadings, this contention could be interpreted as an argument under 28 U.S.C. § 2244(d)(1)(D) that the one-year statute of limitations should begin to run on June 4, 2010. Such an argument lacks merit. The date on which Petitioner "discovered" this information is immaterial. The material factual predicate of Petitioner's claim, i.e., that the State and/or the trial court improperly calculated his prior record level, would have existed at the time of his conviction and Petitioner could have discovered it through reasonable diligence at any time thereafter. Under the facts alleged, Petitioner is not entitled to a delayed commencement of the statute of limitations under § 2244(d)(1)(D). Moreover, even if the limitations period started on June 4, 2010, all three of Petitioner's habeas petitions in this Court (dated July 22, September 15 and November 3, 2011) would remain untimely.

-5-

612, 613-14 (2008) (enumerating limited grounds for appeal for defendants who plead guilty); see also N.C. Gen. Stat. §§ 15A-979(b) & 15A-1444.  If Petitioner could not show that any of these grounds for appeal existed, his time to file a habeas petition in this Court would begin to run on February 13, 2006.  Hairston v. Beck, 345 F. Supp. 2d 535, 537 (M.D.N.C. 2004); accord Redfear v. Smith, No. 5:07CV73-03-MU, 2007 WL 3046345, at *2 (W.D.N.C. Oct. 17, 2007) (unpublished); Marsh v. Beck, No. 1:06CV1108, 2007 WL 2793444, at *2 (M.D.N.C. Sept. 26, 2007) (unpublished).

However, Petitioner has asserted that "[i]t is impossible to determine the date [his] judgment became final" because his trial counsel filed a timely, written notice of appeal on February 21, 2006 (Docket Entry 5, Ex. 3), but then failed to perfect the appeal, resulting in the trial court's dismissal of his notice of appeal on May 7, 2008 (Docket Entry 5, Ex. 4).  (See Docket Entry 1, ¶ 18; see also Docket Entry 7 at 5.)  Respondent takes the position that "Petitioner's case became final on direct review on May 7, 2008, the date [the trial court's] order was filed dismissing the appeal."  (Docket Entry 5 at 2-3; see also Docket Entry 5, Ex. 4.)

As discussed above, defendants who plead guilty have very limited grounds on which they can appeal in North Carolina.  See State v. Smith, 193 N.C. App. 739, 741-42, 668 S.E.2d 612, 613-14 (2008) (enumerating limited grounds for appeal for defendants who plead guilty); see also N.C. Gen. Stat. §§ 15A-979(b) & 15A-1444.  Because the record does not conclusively establish what transpired

in the more than two-year period between the filing of the notice of appeal on February 21, 2006, and the trial court's dismissal of the notice on May 7, 2008,[8] the Court cannot determine if Petitioner could have advanced any of the enumerated, limited grounds for appeal. Giving Petitioner the benefit of this doubt and the time allowed under state appellate rules to appeal the trial court's dismissal of his notice of appeal, see N.C. R. App. P., Rule 4(a)(2), his conviction should be deemed final 14 days after the trial court's May 7, 2008 dismissal of his notice of appeal, i.e., May 21, 2008. See Hough v. Carlton, 339 F. App'x 520, 521 (6th Cir. 2009) (holding that judgment became final on last day petitioner could have asked state supreme court to review appeals court's dismissal of long-pending notice of appeal due to failure to prosecute).

The limitations period then ran for 6 days until Petitioner filed his MAR on May 27, 2008, and remained tolled until the trial court denied Petitioner's MAR by order filed June 19, 2008. (See Docket Entry 5, Exs. 5, 6.) Because Petitioner apparently did not seek review of the MAR's denial by filing a certiorari petition with the North Carolina Court of Appeals, the limitations period began to run, at the latest, 30 days after the denial of his MAR on June 19, 2008, i.e., July 19, 2008. See McConnell v. Beck, 427 F.

---

[8] Additionally, the record does not demonstrate the basis for the trial court's conclusion that the notice of appeal was not filed within the required time. Petitioner's judgment was entered on February 13, 2006 (Docket Entry 5, Ex. 2), and his notice of appeal was filed seven days later on February 21, 2006 (id., Ex. 3). North Carolina law allows defendants 14 days to file notices of appeal, see N.C. R. App. P., Rule 4(a)(2), and thus, on the record before the Court, the notice of appeal appears timely.

-7-

Case 1:11-cv-00953-WO-LPA   Document 8   Filed 03/29/13   Page 7 of 12

Supp. 2d 578, 582-83 (M.D.N.C. 2006) (time to seek review of denial of MAR undefined under North Carolina law, but would not extend more than 30 days absent unusual circumstances); see also Leonard v. White, No. 1:10CV443, 2011 WL 1103793, at *2 (M.D.N.C. Mar. 23, 2011) (unpublished) (following McConnell and citing Rhue v. Carroll, No. 5:05-HC-592-BO (E.D.N.C. Aug. 28, 2006) (unpublished), appeal dismissed, 229 F. App'x 214 (2007), for more restrictive position that limitation period begins to run immediately upon denial of MAR in absence of certiorari petition). The one-year period then ran for 359 days and expired on July 13, 2009, over two years before Petitioner brought this action under § 2254.[9]

Petitioner advances several reasons why he believes the Court should consider the Petition despite its untimeliness. (Docket Entry 1, ¶ 18; see also Docket Entry 7 at 5.) In other words, Petitioner requests equitable tolling, which doctrine the Supreme Court has ruled applicable in this context, Holland v. Florida, 560 U.S. ___, ____, 130 S. Ct. 2549, 2562 (2010). Equitable tolling may apply when a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Id. (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)) (emphasis added).

As discussed above, Petitioner contends that "[i]t is impossible to determine the date the judgment became final because

---

[9] Even if the Court used July 22, 2011 (the date Petitioner signed his first (deficient) habeas petition as submitted to prison authorities for filing in this Court) as the filing date for purposes of the one-year limitations period, Petitioner's filing would remain over two years out of time.

-8-

no record was assembled, counsel filed no brief, [and] the Appeals Court issued no ruling." (Docket Entry 1, ¶ 18.) Petitioner further asserts that, "[i]f a trial court order terminated the appeal process, this was a violation of the U.S. Constitution." (Id.) This argument lacks merit. The latest date on which Petitioner's judgment could have become final was May 21, 2008, 14 days after entry of the trial court's order dismissing the notice of appeal on May 7, 2008. If Petitioner believed the trial court acted incorrectly in that regard, he had 14 days to appeal that order, but he failed to do so. Because any uncertainty about the pendency of his appeal ended in May 2008, no basis exists for equitable tolling on this ground.

Petitioner next asserts an entitlement to equitable tolling because "[t]he inaccurate information in [his] criminal record could not have been discovered by [him] earlier with the exercise of due diligence but without effective assistance of counsel." (Docket Entry 1, ¶ 18.) This argument fails for at least three reasons. First, Petitioner admits that he learned about the inaccurate conviction information "[o]n or about June 4, 2010, . . . from a "lawyer in an unrelated case . . . ." (Docket Entry 1 at 16.) Therefore, even if the Court credited Petitioner's assertion about the date of discovery by tolling the limitations period through June 4, 2010, his Petition would remain untimely by over one year; moreover, Petitioner has failed to show why with the exercise of diligence, he could not have filed this Petition before the expiration of that one-year period. Second, at the time of his

sentencing, Petitioner knew, or in the exercise of reasonable diligence should have known, what prior convictions he had and whether only those convictions factored into the calculation of his sentence. Third, the Judgment and Commitment forms (see Docket Entry 5, Ex. 2) make clear that the State and/or the trial court did not calculate Petitioner's prior record level, because he received a statutorily mandated sentence for his consolidated drug trafficking offense under N.C. Gen. Stat. § 90-95(h)(3)(c) (2006). Under these circumstances, no grounds for equitable tolling exists.

Finally, Petitioner asserts that "Respondent's unsupported conclusory allegation that Petitioner was notified of denial of his MAR is without merit." (Docket Entry 7 at 5.) Petitioner seems to contend that the limitations period should be equitably tolled because he never received the trial court's order denying his MAR. (See id.; see also Docket Entry 1, ¶¶ 11, 12.) This argument lacks merit.

The trial court's June 12, 2008 order denying the MAR contains a handwritten notation at the bottom of its first page reflecting the mailing of copies of the order to Petitioner, the district attorney's office and "CombRec" (combined records) on June 19, 2008. (Docket Entry 5, Ex. 6 at 1.) Moreover, even if Petitioner did not actually receive a copy of the trial court's order, to qualify for equitable tolling, he must still exercise due diligence to determine the status of his MAR. See Woodward v. Williams, 263 F.3d 1135, 1143 (10th Cir. 2001) (finding that "a prisoner's lack of knowledge that the state courts have reached a final resolution

-10-

of his case can provide grounds for equitable tolling if the prisoner has acted diligently in the matter"); see also Drew v. Department of Corr., 297 F.3d 1278, 1288 (11th Cir. 2002) (concluding that "[a] lengthy delay between the issuance of a necessary order and an inmate's receipt of it might provide a basis for equitable tolling if the petitioner has diligently attempted to ascertain the status of that order and if the delay prevented the inmate from filing a timely federal habeas corpus petition"); Bailey v. Johnson, No. 1:08CV842 (LO/TRJ), 2009 WL 2232747, at *4-5 (E.D. Va. July 20, 2009) (unpublished) (recognizing that Fourth Circuit has not spoken directly on issue but finding "well accepted" the "principle that one who fails to act diligently cannot invoke equitable principles") (citing Spencer v. Sutton, 239 F.3d 626, 630 (4th Cir. 2001)).

Here, Petitioner wholly fails to explain why he could not have contacted the trial court to learn of the status of his MAR during the three years between the date he filed the MAR in May 2008 and the date he filed his first habeas petition in this Court in July 2011. In sum, Petitioner has not shown that he diligently pursued this matter prior to the expiration of the one-year limitations period. "'[E]quity is not intended for those who sleep on their rights.'" Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96 (1990).

**IT IS THEREFORE RECOMMENDED** that Respondent's Motion for Summary Judgment (Docket Entry 4) be **GRANTED,** that the Petition (Docket Entry 1) be **DISMISSED,** and that this action be **DISMISSED.**

                                          /s/ L. Patrick Auld
                                            **L. Patrick Auld**
                                  **United States Magistrate Judge**

Date:  March 29, 2013